IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                                          CASE NO. 20-3320-SAC

BOARD OF COMMISSIONERS OF
CHEROKEE COUNTY, KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. Plaintiff is a detainee housed at the Cherokee County Jail in Columbus, Kansas ("CCJ"). The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2).

Plaintiff raises multiple claims in his Complaint. Plaintiff claims include: retaliation for reporting PREA violations; fabricated disciplinary reports; interference with medical care; medical abuse after surgery on his mouth; locking all inmates out of their cells and telling them it was Plaintiff's fault in order to get Plaintiff assaulted; failure to train; and serving unfit meals. Plaintiff names as defendants: the Board of Commissioners of Cherokee County, Kansas; Sergeant Curtis Nida; Jailer Nathan Davis; Captain Michelle Tippie; Nurse Kristin Wagner; Kitchen Supervisor Danny Davis; Thomas Degroot; Sergeant Mandi Montanye; Sergeant April Macafee; PREA Investigator Beau Hamlin; Advance Correctional Healthcare; Jailer (fnu) Biggerstaff; Sheriff David Groves; Jailer (fnu) Peters; Cook Sara Wagner; and Consolidated Correctional Food Services. Plaintiff seeks monetary damages and injunctive relief. (Doc. 1, at 6–7.)

Plaintiff has raised multiple unrelated claims against multiple defendants in his

Complaint.  Plaintiff must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint.  Rule 20 governs permissive joinder of parties and pertinently provides:

> (2) **Defendants**.  Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."  *Zhu v. Countrywide Realty Co., Inc*., 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act.  *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any amended complaint, Plaintiff should set forth the transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

In filing an amended complaint, Plaintiff must also comply with Fed. R. Civ. P. 8's pleading standards. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint fails to comply with this rule. "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home*

*Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

The Court will grant Plaintiff an opportunity to file a complete and proper amended complaint upon court-approved forms.[1]  Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

**Motion for Order**

Plaintiff filed a motion (Doc. 4) requesting the Court to order defendants to submit a six-month account summary for Plaintiff's motion for leave to proceed *in forma pauperis*.  Because the Court is granting Plaintiff leave to proceed *in forma pauperis*, the motion at Doc. 4 is moot and therefore denied.

**Motion for Transfer**

Plaintiff filed a motion (Doc. 6) asking the Court to order his immediate transfer from the Cherokee County Jail.  However, Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility.  *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976); *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007).  Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility.  *See*

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (20-3320-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

*Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979).  Plaintiff's request for a transfer is denied.

**Motion to Consolidate**

Plaintiff filed a motion (Doc. 7) seeking to consolidate this case with Case No. 20-3154-SAC "for economical purposes to not have seven different civil suits on the same defendants." (Doc. 7, at 1.)  Plaintiff states in the motion that they are "really identical counts."  *Id*.  The motion is denied.  As set forth above, Plaintiff must file an amended complaint in this case that complies with the Federal Rules of Civil Procedure.  To the extent Plaintiff's claims in this case are "identical" to claims he asserted in any other case pending before the Court, those claims should be omitted from his amended complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED THAT** Plaintiff's motion for order (Doc. 4) is **denied as moot.**

**IT IS FURTHER ORDERED THAT** Plaintiff's motion for transfer (Doc. 6) is **denied.**

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Consolidate (Doc. 7) is **denied.**

**IT IS FURTHER ORDERED THAT** Plaintiff's is granted until **June 30, 2021,** in which to file a proper amended complaint on court-approved forms.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated June 4, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**