IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    Plaintiff,

    v.                                    CASE NO. 20-3320-SAC

BOARD OF COMMISSIONERS OF
CHEROKEE COUNTY, KANSAS, et al.,

    Defendants.

## ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is detained at the Cherokee County Jail in Columbus, Kansas ("CCJ"). This matter is before the Court on Plaintiff's Motion to Have Sgt. Montanye be Allowed to do her Job (Doc. 23). The Court denies the motion.

Plaintiff claims in his "Motion to Have Sgt. Montanye be Allowed to do her Job," that Sgt. Montanye is not allowed to be around Plaintiff "over a letter."[1] Plaintiff alleges that he is not allowed to speak with her and other jailers are taking advantage of the situation because he is unable to report them to Montanye. Plaintiff alleges that he needs access to a sergeant and she is the only sergeant on second shift. Based on the nature of the relief sought, the Court construes this as a motion for a preliminary injunction.

Plaintiff has failed to establish any of the required factors for a preliminary injunction. The Court will only grant a preliminary injunction after the Plaintiff has shown: (1) a substantial likelihood of success on the merits; (2) he will suffer irreparable harm in the absence of an

---

[1] In another case Plaintiff has pending before this Court, he claims that he had a jailer deliver a love letter from Plaintiff to Sgt. Montanye. *See Waterman v. Tippie*, Case No. 21-3097 (D. Kan.).

injunction; (3) his threatened injury outweighs the harm a preliminary injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. *Beltronics USA, Inc. v. Midwest Inventory Distrib.*, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009). Further, there must be a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Courts are cautioned against granting mandatory preliminary injunctions—those requiring affirmative action by the nonmoving party—as they are "an unusual form of relief and one that must not be granted without heightened consideration" of the four factors. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

Plaintiff's complaint in this motion is completely unrelated to his claims in this case and cannot serve as proper grounds for granting a preliminary injunction in this action. Further, even after considering the substance of Plaintiff's allegations, the Court finds Plaintiff has failed to plead any facts showing irreparable harm in the absence of an injunction. *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012) (holding harm is "irreparable" when monetary relief after a full trial would be inadequate.) Thus, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Have Sgt. Montanye be Allowed to do her Job (Doc. 23) is **denied.**

**IT IS SO ORDERED.**

Dated September 23, 2021, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**