## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRIAN MICHAEL WATERMAN,**

      **Plaintiff,**

      **v.**                            **CASE NO.  20-3320-SAC**

**BOARD OF COMMISSIONERS OF**
**CHEROKEE COUNTY, KANSAS, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Brian Michael Waterman is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983.  At the time of filing, Plaintiff was a detainee housed at the Cherokee County Jail in Columbus, Kansas ("CCJ").  The Court granted Plaintiff leave to proceed *in forma pauperis*.  On June 4, 2021, the Court entered a Memorandum and Order (Doc. 10) (M&O) finding that Plaintiff's Complaint included multiple unrelated claims against multiple defendants and granting Plaintiff an opportunity to file an amended complaint.  This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 11).

Plaintiff alleges in Count I that he is being punished as a pretrial detainee and is being retaliated against for reporting PREA violations.  Plaintiff alleges that another detainee filed a PREA violation and listed Plaintiff, as well as other detainees, as witnesses.  Plaintiff alleges that none of the detainees were ever spoken to about the violation.  Plaintiff alleges that he was

locked down for 24 hours and further retaliated against by receiving three disciplinary reports. Plaintiff alleges that the disciplinary reports were fabricated because each officers' report stated different facts and the events listed were impossible.

In Count II Plaintiff alleges that his due process rights were violated on November 25, 2020, when his disciplinary hearing for a facility disturbance on November 24, 2020, was held less than 24 hours after the incident. Plaintiff alleges that he was not allowed to read the charges against him, to have witnesses, or to present evidence. Plaintiff alleges that he received 15 days in segregation.

Plaintiff alleges in Count III that he suffered "medical abuse" in violation of the Fourteenth Amendment. Plaintiff alleges that when he returned after surgery he was supposed to be given something stronger than I.B.U., but it was never done. Plaintiff also alleges that he was supposed to receive peanut butter and soup but was served a regular food tray. Plaintiff alleges that his medical records were subpoenaed and then his food was blended for a few days. Then he was served veggie burgers which were not on his approved diet. Plaintiff was not seen by Nurse Wagner for four days after his surgery, at which time she ordered no food that required Plaintiff to "chomp down on with [his] front jaw." (Doc. 11, at 11.) Plaintiff alleges that he was served boiled eggs every morning and lost weight due to medical orders being disobeyed regarding his diet. Plaintiff alleges that this caused him pain and suffering.

As Count IV, Plaintiff alleges that he was served unfit meals as a form of punishment. Plaintiff alleges that on one occasion the main course of his lunch was so "seasoned down" that it was unfit to eat. Plaintiff alleges that his evening meal also contained a main course that was overly seasoned. Plaintiff alleges that the food made him sick and his trays are constantly targeted.

Plaintiff seeks $500,000 in declaratory relief; $500,000 in punitive damages; $500,000 in compensatory damages; $500,000 in nominal damages; and injunctive relief in the form of disciplinary training and new policies, a new disciplinary program for Cherokee County employees, PREA training, and to have Advance Correctional and Consolidated Foods supervise their employees.  (Doc. 11, at 6.)

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims."  *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)).

"The Due Process Clause of the Fourteenth Amendment requires that a pretrial detainee be provided 'humane conditions of confinement by ensuring the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee his safety.'"  *Routt*, 764 F. App'x at 770 (citing *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003) (ellipsis, brackets, and internal quotation marks omitted)); *see also Kelley v. Wright*, No. 2:19-CV-02278-JAR-JPO, 2019 WL 6700375, at *10 (D. Kan. Dec. 9, 2019).  To establish liability, a pretrial detainee must show: "(1) the official[ ] knew of and disregarded an excessive risk to his health and safety, and (2) the alleged deprivation was sufficiently serious." *Routt*, 764 F. App'x at 770 (citing *Ledbetter*, 318 F.3d at 1188 (citation, brackets, and internal quotation marks omitted)).  However, "jail conditions may be restrictive and even harsh without violating constitutional rights." *Id.* (citing *Ledbetter*, 318 F.3d at 1188 (internal quotation marks omitted)).

Plaintiff has not alleged long-term exposure to the conditions regarding his medical care and diet.  "An important factor in determining whether conditions of confinement meet constitutional standards is the length of the incarceration."  *Id*. (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998)).  Thus, "[t]ime can play a significant part in a court's analysis

of these issues," and "[t]here is . . . a *de minimus* level of imposition with which the Constitution is not concerned." *Kelley*, 2019 WL 6700375, at *10 (citations omitted).

Plaintiff has failed to allege a constitutional violation, and his claims suggest, at most, mere negligence. *See Kingsley*, 135 S. Ct. at 2472 (finding that "defendant must possess a purposeful, a knowing, or possibly a reckless state of mind" because "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process") (citations omitted); *see also McCowan v. Morales*, 945 F.3d 1276, 1284 n.7 (10th Cir. 2019); *Estate of Vallina v. Cty. of Teller Sheriff's Office,* 757 F. App'x 643, 647 n.2 (2018) (noting that "the Supreme Court has consistently maintained that Fourteenth Amendment claims require 'something more' than mere negligence") (citation omitted).

Plaintiff also claims that he was improperly punished as a pretrial detainee. As a pretrial detainee, Plaintiff was protected from punishment without due process. *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1106 (10th Cir. 2005) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). A pretrial detainee still may be subjected to restrictions while incarcerated, but the conditions and restrictions imposed may not constitute punishment. *Id*. The core question is whether the restriction is "imposed for the purpose of punishment or whether it is incident to some other legitimate government purpose." *Id*. (citation omitted). Thus, if a pretrial detainee is placed in segregation for a managerial purpose and not for punishment, no process is required. *Peoples*, 422 F.3d at 1106 (citation omitted).

"Ensuring security and order at the institution is a permissible nonpunitive objective, whether the facility houses pretrial detainees, convicted inmates, or both." *Bell*, 441 U.S. at 561 (citation omitted). "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if

they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Bell*, 441 U.S. at 540. "[I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id*. The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id*. at 540, n.23 (citations omitted).

Plaintiff has failed to show that his segregation or other conditions constituted unconstitutional punishment. Placing a pretrial detainee in disciplinary segregation "*without giving him an opportunity to be heard*" is a due process violation. *Hubbard v. Nestor*, 830 F. App'x 574, 583 (10th Cir. 2020) (emphasis added). Here, Plaintiff states that he received a hearing on the disciplinary charges. Plaintiff has failed to show that he was punished or that he received segregation without due process. Plaintiff should show good cause why his claims should not be dismissed for failure to state a claim.

Plaintiff's request for injunctive relief is moot. Plaintiff is no longer confined at the CCJ. Plaintiff is currently confined at the El Dorado Correctional Facility.[1] Because Plaintiff's request relates solely to alleged wrongdoing on the part of CCJ employees, the Court would be unable to provide Plaintiff with effective relief and his requests for injunctive relief are moot. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete"

---

[1] *See* https://kdocrepository.doc.ks.gov/kasper/search/results (last visited Jan. 31, 2022).

cases or controversies.  *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010).  "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing."  *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*.  Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."  *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."  *O'Shea v. Littleton*, 414 U.S. 488, 495 1974).  The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement.  *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot); *see also Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015) (unpublished) (holding that "RLUIPA claims regarding prison conditions become moot if the inmate plaintiff is released from custody.") (citations omitted).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff.

Because Plaintiff is no longer incarcerated at CCJ, his claims for injunctive relief are moot and subject to dismissal.

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

Plaintiffs seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"  *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).   Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.  Plaintiff's request for punitive damages is subject to dismissal.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **February 18, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated January 31, 2022, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**