IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                        CASE NO. 20-3320-SAC

BOARD OF COMMISSIONERS OF
CHEROKEE COUNTY, KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. At the time of filing, Plaintiff was a detainee housed at the Cherokee County Jail in Columbus, Kansas. Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. On March 2, 2022, the Court dismissed this matter for failure to state a claim. (Docs. 31, 32.)

On March 9, 2022, Plaintiff filed a Notice of Appeal (Doc. 33). On March 9, 2022, the Court entered a Memorandum and Order (Doc. 36) denying Plaintiff leave to appeal *in forma pauperis* because he is a three strikes litigant under 28 U.S.C. § 1915(g). This matter is before the Court on Plaintiff's Motion for Certificate of Appealability (Doc. 37).

Plaintiff argues that despite his three strikes, he should be allowed to appeal *in forma pauperis* because he was granted leave to proceed *in forma pauperis* in his case before this Court. Plaintiff points to Fed. R. App. P. 24(a)(3) which provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court . . . certifies that the

1

appeal is not taken in good faith . . . ." Fed. R. Civ. P. 24(a)(3)(A).  Plaintiff then asks this Court to certify that his appeal was taken in good faith, and argues the merits of his claims.   However, the Rule goes on to provide that leave shall not be granted if the Court "finds that the party is not otherwise entitled to proceed in forma pauperis" or "a statute provides otherwise." *Id*. at (A) and (B).

The Court did find that Plaintiff was not entitled to proceed *in forma pauperis* on appeal due to his three strikes, and § 1915(g) is a statute that "provides otherwise."  Therefore, the Court denies Plaintiff's request for this Court to certify that his appeal was taken in good faith.  Any request for leave to proceed *in forma pauperis* on appeal is denied pursuant to § 1915(g).

Any other request for a certificate of appealability is denied because a certificate of appealability is not necessary in a civil rights action. *See Smith v. Cowman*, 208 F. App'x 687, (10th Cir. 2006) (unpublished) ("Because this is a § 1983 action, not a habeas action, the district court properly ruled that the application for a certificate of appealability was moot."); *Lawson v. Engleman*, 67 F. App'x 524, 527 n.4 (10th Cir. 2003) (unpublished) ("Because a certificate of appealability is not necessary for a prisoner civil rights appeal, we do not consider Lawson's motion for a certificate of appealability"); *Hicks v. Woodruff*, 216 F.3d 1087 (Table), 2000 WL 854269, at *4 (10th Cir. June 28, 2000) (unpublished) (denying request for appealability as moot and stating that "[a]n appeal from a district court decision in a 42 U.S.C. § 1983 civil rights case does not require a certificate of appealability").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Certificate of Appealability (Doc. 37) is **denied**.

Copies of this order shall be transmitted to Plaintiff and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

3

**IT IS SO ORDERED**.

**Dated March 16, 2022, in Topeka, Kansas.**

                                               <u>**s/ Sam A. Crow**</u>
                                               **Sam A. Crow**
                                               **U.S. Senior District Judge**